UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY MANUEL,

                      Petitioner,

                                                          DECISION AND ORDER
      v.                                                   04-CV-0695A
                                                            00-CR-0130A

UNITED STATES OF AMERICA,

                      Respondent.

## INTRODUCTION

Currently before the Court is the motion of petitioner Timothy Manuel to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons stated, the motion is denied.

## BACKGROUND

On July 19, 2000, a federal grand jury returned a one-count indictment charging the petitioner with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Petitioner filed pretrial motions seeking various forms of relief, including: (1) the suppression of the firearm at issue, as well as his post-arrest statements; (2) discovery of materials and data in the possession of the Department of Justice relating to the

implementation and execution of its "Project Exile" program; (3) dismissal of the indictment on the grounds of selective prosecution, and (4) dismissal of the indictment on the grounds that § 922(g)(1) is unconstitutional.  These motions were ultimately denied by the Court.

On February 11, 2002, the government filed and served upon petitioner's defense counsel a Notice of Intention, pursuant to 18 U.S.C. § 924(e), advising the petitioner and the Court that the government would be seeking an enhanced sentence under § 924(e), based on petitioner's three previous felony convictions for crimes of violence.

On March 26, 2002, pursuant to a written plea agreement and in accordance with Rule 11(a)(2) of the Federal Rules of Criminal Procedure, petitioner entered a plea of guilty to the indictment, conditioned upon his reserving the right to appeal the Court's decisions as to his pre-trial motions.  On July 3, 2002, petitioner was sentenced principally to a term of imprisonment of 180 months.

On July 12, 2002, petitioner filed a notice of appeal.  On May 15, 2003, the Second Circuit Court of Appeals affirmed petitioner's conviction by summary order.  See United States v. Manuel, 64 Fed. Appx. 823, 2003 WL 21105366 (2d Cir. May 15, 2003).

On August 31, 2004, petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  The government filed a response to the motion on September 23, 2004.  On October 25, 2004, the Court granted petitioner's request for an extension of time to file a reply.  To date, however, no such reply has been filed.

## DISCUSSION

Petitioner asserts four grounds for relief in his § 2255 motion: (1) that his due process rights were violated because he did not receive adequate notice of the government's intention to seek an enhanced penalty under § 924(e); (2) that the District Court's determination to apply the enhanced sentence under § 924(e) violated his Sixth Amendment right to a jury trial; (3) that his admission in the plea agreement to the facts justifying the enhanced sentence under § 924(e) are invalid because he was not informed of his right to have those issues decided by a jury and  (4) that he was denied his Sixth Amendment right to effective assistance of counsel because (a) his attorney failed to file a petition for writ of certiorari in the United States Supreme Court; and (b) his attorney failed to raise any of the first three issues.  The Court finds that petitioner's claims of error are procedurally barred and in any event, lack substantive merit

---

[1]  Petitioner declares under penalty of perjury that his motion was placed in the prison mailbox on August 13, 2004, thus making it timely filed.

In ¶ 10 of petitioner's plea agreement, the parties agreed that petitioner's sentencing range under the United States Sentencing Guidelines would be 168 to 210 months. In ¶ 20 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence imposed by the Court that fell within that 168 to 210 month range. As stated above, petitioner was sentenced to 180 months. Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack his sentence precludes any subsequent challenge to his sentence. See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

Petitioner does not allege that his waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary. The Court has reviewed the transcript of petitioner's plea proceedings and finds that the requirements of Rule 11 of the Federal Rules of Criminal Procedure were scrupulously followed and that petitioner's waiver was knowing and voluntary. In particular, the Court notes that petitioner was expressly asked whether he understood that he was waiving his right to appeal or collaterally attack his plea and petitioner indicated that he understood. See Plea Transcript at 36.

To allow petitioner to collaterally attack his plea under § 2255 at this point would be to countenance an obvious circumvention of the plea agreement in which petitioner bargained away his right to appeal or collaterally attack his sentence. This the Court will not do. As the Second Circuit has stated, "[t]he

government, [the] court, the public, *and* criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed." Pipitone, 67 F.3d at 39 (citations omitted) (emphasis in original). "[T]he waiver provision is a very important part of the [plea] agreement–the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

Where, as here, petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence, he cannot circumvent this waiver by couching his claims in terms of "ineffective assistance." See United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); Djelevic, 161 F.3d at 107. To permit petitioner to raise his ineffective assistance claims under the circumstances present here would render the waiver of appeal provision meaningless. See Djelevic, 161 F.3d at 107.

In any event, the Court has reviewed petitioner's claims of error and finds them without substantive merit.

Petitioner's argument that he received inadequate notice of the § 924(e) enhancement is belied by the record. The government filed and served the Notice on petitioner's counsel on February 11, 2002. In addition, the terms of the Notice were included in the petitioner's plea agreement and were discussed at the time of his plea.

Petitioner's remaining arguments rely primarily on the Supreme Court's decision in United States v. Booker, 542 U.S. 220 (2005).  The Second Circuit, however, has expressly held that Booker is not to be applied retroactively to cases on collateral review.  See Guzman v. United States, 404 F.3d 139 (2d Cir. 2005).

Petitioner's contention that he received ineffective assistance of counsel because his counsel did not file a petition for a writ of certiorari as he requested is also without merit.  Review by the Supreme Court is discretionary.  Ross v. Moffitt, 417 U.S. 600, 616-17 (1974).  The Supreme Court has held that defendants have no right to counsel to pursue discretionary review.  See Wainwright v. Torna, 455 U.S. 586, 587 (1982).  Because petitioner had no constitutional right to counsel, he was not deprived of effective assistance of counsel when his attorney did not file a petition for writ of certiorari.  Id. at 587-88.

## CONCLUSION

For the reasons stated, petitioner's § 2255 motion is denied.  The Clerk of Court is hereby ordered to enter judgment in favor of the respondent and take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 15, 2006